# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 23-cr-63 (KMM/DJF) |
| v. | **MOTION FOR PRELIMINARY ORDER OF FORFEITURE** |
| VATTHANA ANDY SENGSOURIYA, | |
| Defendant. | |

The United States of America, by and through Andrew M. Luger, United States Attorney for the District of Minnesota, and Craig R. Baune, Assistant United States Attorney, respectfully moves this Court for a Preliminary Order of Forfeiture pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2.

## I. BACKGROUND

On February 28, 2023, a grand jury returned an Indictment against Defendant Vatthana Andy Sengsouriya. The Forfeiture Allegations of the Indictment provided notice that the United States sought forfeiture, pursuant to 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c), of any firearms and ammunition involved in or used in the charged conduct, including but not limited to a Glock, Model 21, .45 caliber pistol bearing the serial number XXR301. ECF No. 12.

On May 30, 2023, the Defendant pled guilty to Count 2 of the Indictment, which charged him with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). ECF No. 37. The Defendant admitted that on October 14, 2022, the Defendant knowingly possessed a Glock Model 21, .45 caliber pistol bearing the

serial number XXR301, with an auto-sear, as well as with two magazines fully loaded with .45 caliber rounds of ammunition. (collectively, "the Property") The Property was found in a bag the Defendant wore across his chest. The Glock pistol had the "auto sear" or "switch" attached to it, which transformed the handgun into a fully automatic weapon. He knowingly possessed the Property, did so voluntarily, and knew his possession of the firearm violated the law. *Id*. ¶ 2. The Defendant agreed to forfeit the Property to the United States. *Id*. ¶ 12.

## II. ARGUMENT

Rule 32.2(b) of the Federal Rules of Criminal Procedure provides that:

(b) Entering a Preliminary Order of Forfeiture.

(1) Forfeiture Phase of the Trial.

> (A) Forfeiture Determinations.  As soon as practical after a verdict or finding of guilty, or after a plea of guilty . . . on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute.  If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense.
>
> (B) Evidence and Hearing.  The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable.  If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.

(2) Preliminary Order.

> (A) Contents of a Specific Order.  If the court finds that property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture . . . directing the forfeiture of specific property, and

> directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

Based upon the evidence set forth in the Indictment and the Plea Agreement, the United States has established the requisite nexus between the Property and the offense to which the Defendant has pled guilty. Accordingly, the Property is subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d)(1) in conjunction with 28 U.S.C. § 2461(c).

Section 853(n)(1) of Title 21, as incorporated by 28 U.S.C. § 2461(c), provides that, following the entry of an order of forfeiture, the United States shall publish notice of the order and may also provide direct written notice of the order to persons known to have alleged an interest in the Property. Sections 853(n)(2)-(6) of Title 21 set out the process by which third parties asserting a legal interest in the Property can obtain a judicial determination of the validity of the legal claims or interests they assert. Pursuant to Section 853(n)(7), following the disposition of all third-party petitions or, if no such petitions are filed, following the expiration of the time period specified within which to file such petitions, the United States shall have clear title to the property that is the subject of the order of forfeiture.

### III. CONCLUSION

For the foregoing reasons, the United States moves this Court for a Preliminary Order of Forfeiture for the Property.

Respectfully submitted,

Dated: 7/26/2023

ANDREW M. LUGER
United States Attorney

*s/Craig Baune*

BY:  CRAIG R. BAUNE
Assistant U.S. Attorney
Attorney ID No. 331727
600 United States Courthouse
300 South Fourth Street
Minneapolis, MN 55415
Phone:  612-664-5600
Craig.baune@usdoj.gov